IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**TAMMY DUNHAM, on behalf of herself and
all other similarly situated employees,**

      **Plaintiffs,**

v.                                **No.: _____**

**CAPTAIN D'S, LLC, CAPTAIN D'S**      **FLSA COLLECTIVE ACTION**
**ENTERPRISES, LLC,**

      **Defendants.**

## COLLECTIVE ACTION COMPLAINT

    PLAINTIFF, Tammy Dunham, brings this action against the Defendants on behalf of herself and all others similarly situated.

### I. JURISDICTION & VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims.

3. Venue also lies in this Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendant does business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

### II. PARTIES

4. Plaintiff Tammy Dunham is an adult resident of the State of Tennessee. Plaintiff was employed by Defendants as an assistant manager during the applicable statutory period.

During her employment with Defendant, Plaintiff was a covered employee under the FLSA.

5. Defendant Captain D's, LLC is a foreign limited liability company and Defendant Captain D's Enterprises, LLC is a domestic limited liability company (hereinafter "Defendants"). Defendants' principal place of business is located at 624 Grassmere Park, Suite 30, Nashville Tennessee 37211.

6. Defendants are an "employer" of Plaintiffs within the meaning of the FLSA. See 29 U.S.C. § 203(d).

7. In addition to the named Plaintiff, Defendants employ and have employed within the last six years additional similarly situated employees.

8. Upon information and belief, at all times, the wage and hour and all related employee compensation policies of Defendants are and were centrally and collectively dictated, controlled, and ratified.

### III. INTRODUCTION

9. This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), brought on behalf of all persons who, at any time during the past six years and up until the date of entry of judgment are or were employed by Defendants and who were worked off-the-clock without receiving compensation for all of the hours worked.

10. The collective action claims are for unpaid straight time and overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

### IV. FACTUAL BASIS FOR SUIT

11. Plaintiff brings this action on behalf of herself and other similarly situated employees as

2

authorized under 29 U.S.C. § 216(b). Plaintiff's consent to be a party to this collective action pursuant to 29 U.S.C. §216(b), is attached to the Complaint.

12. This action is filed on behalf of all non-exempt employees of Defendants who were worked off-the-clock without receiving compensation for all of the hours worked.

13. Plaintiff was regularly and repeatedly worked "off the clock," thereby allowing Defendants to avoid paying Plaintiff proper compensation for all hours worked.

14. Likewise, other similarly situated employees were regularly and repeatedly worked "off the clock."

15. Plaintiff was regularly and repeatedly required to perform compensable work during her unpaid "meal breaks."

16. Defendants required Plaintiff to clock out during her "meal break," but continue working. Defendants expected Plaintiff and class members to be available to work throughout their shifts and consistently required their employees to work during their unpaid "meal breaks."

17. During unpaid "meal breaks," Plaintiff and class members were required continue performing their job duties.

18. Defendants know and/or have reason to believe that Plaintiff and class members were worked off-the-clock without receiving compensation for all of the hours worked.

19. Plaintiff complained about this problem to her supervisor.

20. Despite Plaintiffs' complaints, Defendants have failed to take any remedial action to resolve these issues.

21. Plaintiff and class members perform work for Defendants, on Defendants' premises, in plain sight.

22. Even though Defendants know that Plaintiffs and class members are working off the clock,

Defendants fail to compensate Plaintiff and class members for their work, electing instead to sit back and accept the benefits of Plaintiff's and class members' uncompensated work.

23. Some evidence generally reflecting the number of uncompensated hours worked by each class member and the compensation rates for the relevant work periods is in the possession of Defendants. While Plaintiff is unable to state at this time the exact amount owing to the class, Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and request that damages or restitution be awarded according to proof thus obtained and presented to the Court.

24. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and similarly situated employees, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

25. When an employer fails to keep such time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

26. Defendants' intentional failure to pay Plaintiff and other similarly situated employees all of their minimum and overtime wages are willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendants knew, or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

27. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for straight time, overtime compensation, liquidated damages, interest, attorneys'

4

Case 3:14-cv-01955 Document 1 Filed 10/08/14 Page 4 of 7 PageID #: 4

fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees of Defendants' are similarly situated to Plaintiff with regard to their wages and damages, in that they have been denied proper straight time and overtime compensation for at least six (6) years prior to the filing of this complaint. Plaintiff is representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action. Those similarly situated employees are known to Defendants and are readily identifiable, and may be located through Defendants' records. These similarly situated employees may readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for unpaid straight time, overtime compensation, liquidated damages, interest, attorneys' fees, and costs under the FLSA and Tennessee law.

## V. CAUSES OF ACTION

28. The allegations set forth in the preceding paragraphs are incorporated herein.

29. Plaintiff, on behalf of herself and others similarly situated, brings the following cause of action against Defendants.

    A.  Willful violation of the Fair Labor Standards Act of 1938; and

    B.  Quantum Meruit/Unjust Enrichment/Breach of Contract.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

A.  An Order designating this action as an opt in collective action for claims under the FLSA and the Tennessee common law, and directing the issuance of notice pursuant to 29 U.S.C. §216(b) for the federal and state claims of the class;

B. An Order appointing Plaintiff and Plaintiff's counsel to represent those individuals opting in to the collective action;

C. A Declaration that Defendants willfully violated the FLSA and Tennessee common law;

D. An award to Plaintiff and others similarly situated who opt into this action of damages in the amount of all applicable statutory and common law damages;

E. An award to Plaintiff and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

F. An award to Plaintiff and others similarly situated who opt into this action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

G. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

GILBERT RUSSELL McWHERTER
SCOTT BOBBITT PLC

s/*Michael L. Russell*
MICHAEL L. RUSSELL # 20268
KARA B. HUFFSTUTTER # 30199
341 Cool Springs Boulevard, Suite 230
Brentwood, Tennessee 37067
Telephone: 615-354-1144
Email: mrussell@gilbertfirm.com
Email: khuffstutter@gilbertfirm.com

6

CLINTON H. SCOTT # 23008
101 North Highland
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
Email: cscott@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF AND
OTHERS SIMILARLY SITUATED*