# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into this 12th day of November 2014, by and between Tammy Dunham ("Dunham"), and Captain D's, LLC ("Captain D's").

**WHEREAS**, Dunham previously worked for Captain D's; and

**WHEREAS**, Dunham has asserted claims against Captain D's in the United States District Court for the Middle District of Tennessee, bearing Case No. 3:14-cv-01955 ("the Action"), and included an improperly named entity, Captain D's Enterprises, LLC as a defendant; and

**WHEREAS**, Dunham has alleged that Captain D's failed to compensate her for work performed during meal breaks during which she clocked-out, which she contends constituted unjust enrichment under Tennessee common law and/or a violaton of the Fair Labor Standards Act ("FLSA"); and

**WHEREAS**, Captain D's has denied Dunham's allegations and has denied liability for the claims asserted in the Action; and

**WHEREAS**, the parties, as a result of negotiations on their behalf by their respective counsel, have agreed to settle any and all claims between the parties, in order to avoid the expense, delay and risk of litigation.

**THEREFORE**, Dunham and Captain D's, in consideration of the mutual covenants herein, agree as follows:

1. In consideration of the signing of this Agreement by Dunham, and in consideration of the fulfillment of the promises contained herein, Captain D's agrees to pay Dunham the total gross sum of Seven Thousand Five Hundred Dollars and 00/100 ($7,500.00).

1

This amount shall be payable as follows: (a) the gross sum of One Thousand Seven Hundred Fifty Dollar and 00/100 ($1,750.00) shall be payable to Dunham as back wages, less applicable withholdings, reportable on IRS Form W-2; (b) the gross sum of One Thousand Seven Hundred Fifty Dollar and 00/100 ($1,750.00) shall be payable to Dunham as liquidated damages, reportable on IRS Form 1099; (c) the gross sum of One Thousand Dollars and 00/100 ($1,000.00) shall be payable to Dunham as other consideration, reportable on IRS Form 1099; and (d) the gross sum of Three Thousand Dollar and 00/100 ($3,000.00) shall be payable to Gilbert Russell McWherter Scott Bobbitt PLC, as attorney's fees and costs, reportable on IRS Form 1099. These payments are inclusive of all claims for damages, liquidated damages, attorneys' fees, and costs. These payments shall be made within ten (10) business days of the Court's approval of this Agreement.

2. In consideration of the payments referenced in Paragaph 1 above, Dunham, on behalf of herself, her agents, attorneys, representatives, assigns, heirs, family members, executors, and administrators, hereby irrevocably releases and discharges Captain D's, including its current and former managers, attorneys, insurers, affiliates, parent corporations, subsidiaries, divisions, predecessors, successors, assigns, owners, stockholders, administrators, directors, officers, employees, and agents, from any and all claims and rights of any kind that Dunham may have, whether now known or unknown, including, but not limited to, arising out of or in any way connected with Dunham's employment with Captain D's and/or relating to wage and hour issues and/or compensation for Dunham's work hours during her employment with Captain D's. The claims and rights released include, but are not limited to, any claims that were raised or that could have been raised in the Action, any and all claims for back pay, unpaid wages, overtime compensation, liquidated damages, interest, and/or costs and attorney's fees under the FLSA

2

and/or under any and all applicable state and/or federal laws pled, or that could have been pled, in the Action, claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Equal Pay Act, the Americans With Disabilities Act, Sections 503 and 504 of the Rehabilitation Act of 1973, Family Medical Leave Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the Age Discrimination in Employment Act, the Workers' Adjustment and Retraining Notification Act, as amended, and/or any state, civil or statutory laws, including any and all human rights laws and laws against discrimination, any other federal, state or local fair employment statute, code or ordinance, common law, contract law, tort, including, but not limited to, fraudulent inducement to enter into this contract, and any and all claims for attorneys' fees and costs.

3. The Parties agree that this Agreement is contingent upon the Court approving the Agreement. The Parties agree that, after the expiration of the revocation period set forth in Paragraph 7 below, they will submit to the Court a Joint Motion for Approval of Settlement, seeking an Order from the Court approving the terms of the parties' settlement as reflected in this Agreement and dismissing the Action with prejudice.

4. Dunham agrees and recognizes that her employment relationship with Captain D's has been permanently and irrevocably terminated and agrees that she will not in the future seek or accept employment with Captain D's or assignment to work for Captain D's in any capacity.

5. The parties agree that this Agreement does not constitute any admission of fault, wrongdoing, responsibility or liability on the part of Captain D's. Dunham further agrees and acknowledges that Captain D's denied, continues to deny and will deny all allegations of any

wrongdoing relating to Dunham's claims asserted in the Action. Dunham shall not be considered a prevailing party for any purpose.

6. Dunham declares and expressly warrants that she is not a Medicare/Medicaid beneficiary and is not receiving, has not received in the past, will not have received at the time of payment pursuant to this Agreement, is not entitled to, is not eligible for, and has not applied for or sought Social Security Disability, Medicare or Medicaid benefits. In the event any statement in the preceding two sentences is incorrect, the following sentences apply. Dunham affirms, covenants, and warrants that she has made no claim for illness or injury against, nor is she aware of any facts supporting any such claim against Captain D's under which Captain D's could be liable for medical expenses incurred by Dunham, before or after the execution of this Agreement. Furthermore, Dunham is aware of no medical expenses which Medicare/Medicaid has paid and for which Captain D's is now or could be liable now or in the future. Dunham agrees and affirms that, to the best of her knowledge, no liens of any governmental entities, including those for Medicare/Medicaid conditional payments, exist.

7. Dunham acknowledges that: (a) she was advised to and did, in fact, consult with an attorney of her choosing prior to signing this Agreement; (b) she has read carefully and had sufficient time to consider this Agreement; (c) she understands the Agreement and acknowledges that she knowingly and voluntarily waived the rights identified herein; (d) this Agreement and the release contained in Paragraph 2 of this Agreement apply only to claims that arose prior to the date she signs the Agreement; and (e) she is receiving consideration under this agreement that she is not already entitled to receive. Dunham further acknowledges that she has a period of twenty-one (21) days in which to consider this Agreement before signing it and that if she signs the Agreement prior to the expiration of that period, she has done so voluntarily. Dunham

4

further understands that she has a period of seven (7) days following her execution of the Agreement during which she may revoke the Agreement by sending notice of such revocation to Captain D's counsel as follows: Elizabeth S. Washko, Ogletree Deakins, 401 Commerce Street, Suite 1200, Nashville, TN 37205. The Agreement shall not become effective or enforceable until this revocation period has expired.

8. The parties acknowledge that this Settlement Agreement and Release represents the entire understanding between the parties.

**WHEREFORE**, the parties have affixed their signatures below to acknowledge their agreement with the above provisions.

_____
Tammy Dunham

DATED: 11-18-14

_____
Captain D's, LLC

DATED: 11-19-14

5